ROBERT L. BLAND, JUDGE.
Claimant Ruth C. Duke is the widow of Milton R. Duke, deceased, a former member of the department of public safety of West Virginia. She prosecutes her claim against the department of public safety in the sum of $300.00 to reimburse her for that amount paid to the Huntington Memorial Hospital on the twenty-sixth day of February, 1943, for hospitalization and treatment rendered her said husband in said hospital. She maintains that the said Milton R. Duke suffered a compound fracture of his left leg in the line of duty while an enlisted trooper in said department of public safety in a motorcycle accident on September 6, 1930. Following said injury osteomyelitis developed and numerous treatments over a period of years thereafter were paid for by said department of public safety, but the claim in question was never paid by the said department.
The said trooper, Milton R. Duke, died February 18, 1943. Claimant filed her claim in this court exactly five years after the death of her said husband, but the payment *149 made by her to the hospital, for which she seeks reimbursement, was eight days after the trooper’s death. No itemized statement from the hospital showing the dates of the trooper’s hospitalization and medical attention has been furnished to us. Our investigation of the claim, however, discloses that the department of public safety actually paid for Trooper Duke’s hospitalization and medical treatment, independent of the sum of $300.00 for which an award is now sought, a total sum of more than $4000.00. We do not perceive any authority of law warranting such payments. In addition, Trooper Duke was paid the maximum amount which he might receive under statute from the death and disability fund for a considerable period of time.
Claimant and one dependent child are now receiving the maximum pension that may be paid under authority of law.
In our judgment the granting of an award to claimant for the said sum of $300.00 would be equivalent to the bestowal of a gratuity. The Legislature may not under any authority of law bestow a gratuity. We are of opinion, from a careful investigation of the claim, that the department of public safety dealt most generously with the trooper after his accident, and actually paid him money without authority of law so to do.
We are unable to' see our way clear from the record before us to recommend to the Legislature the payment to claimant of the amount she seeks, or any amount.
An award is, therefore, denied and the claim dismissed.